AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

3:04 CV 2031 (AWT)

## United States District Court

| District | |
|---|---|
| District of Connecticut | |

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| Miguel Machuca | 13924-014 | 3:00CR00158 AWT |

| Place of Confinement |
|---|
| F.C.I. - Elkton, P.O. Box 10 Lisbon, Ohio 44432 |

UNITED STATES OF AMERICA    V.    Miguel Machuca

(name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack U.S. District Court, District of Conneticut

2. Date of judgment of conviction March 5, 2003

3. Length of sentence 168 months

4. Nature of offense involved (all counts) 21 U.S.C. § 841, Possession With Intent to Distribute Cocaine Base. Count One.

_____

_____

_____

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒ No ☐

(2)

AO 243 (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court <u>U.S. District Court of Appeals - Second Circuit</u>

   (b) Result <u>Affirmed</u>

   (c) Date of result <u>January 12, 2004</u>

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐    No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ☐        No ☐

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        _____

AO 243 (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐      No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☐          No ☐
(2) Second petition, etc.        Yes ☐          No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting the same.

Caution:    If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: District Court erred in imposing an enhancement pursuant to U.S.S.G. § 3B1.1.

Supporting FACTS (state *briefly* without citing cases or law)

**See** attached argument - Ground One

B.    Ground two: Request for record  and transcripts to amend this § 2255 motion.

Supporting FACTS (state *briefly* without citing cases or law) **See** attached argument - Ground two.

C.    Ground three:

Supporting FACTS (state *briefly* without citing cases or law)

Ground One:

### DISTRICT COURT ERRED IN IT'S DETERMINATION AS TO DEFENDANT'S ROLE IN THE OFFENSE PURSUANT TO U.S.S.G. §3B1.1.

At the time of sentencing on March 5, 2003, the Court, adopting the findings of U.S. Probation in the Presentence Report, found Defendant Machuca to be a Leader/Organizer pursuant to United States Sentencing Guidelines §3B1.1(a). This enhancement of 4 levels increased Defendant's sentence by 48 months on facts not found by a jury, admitted or consented to by the Defendant during the Rule 11 Plea Hearing or at sentencing, in violation of U.S. V. Yates, 990 F.2d 1179, 1181-82 (11th Cir. 1993); United States v. Patasnik, 89 F.3d 63 (2nd Cir. 1996); Blakely v. Washington, 542 U.S. ___ (2004).

A Management Role has to be based on managing people not assets. Patasnik, supra., Moreover, a Buyer/Seller relationship does not qualify the Defendant for the §3B1.1 enhancement where the Government failed to prove by a preponderance of evidence that Machuca actually managed or supervised " five or more participants " in a conspiracy that was " otherwise extensive ".

Defendant's Role as supplier of drugs was not sufficient to render Defendant a Leader/Organizer of the group, and, thus,

Defendant could not have his offense level adjusted upward on basis of being Leader or Organizer of the group. **Yates**, supra.

Here, the Government has the burden of proving by a preponderance of evidence the existence of the Aggravating Role. Clearly, the Government did not carry that burden here <u>sub judice</u>, <u>See</u> **United States v. Dela Rosa**, 922 F.2d 675, 680 (11th Cir. 1991).

For all the above reasons as well as cases cited in support, Defendant Machuca should not have received the Leadership Enhancement.

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

(b) At arraignment and plea _____

(c) At trial _____

(d) At sentencing _____

D.  Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
     Yes ☐ No ☐

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea _____

_____

(c) At trial _____

_____

(d) At sentencing _____

_____

AO 243 (Rev. 2/95)

(e)  On appeal _____

_____

(f)  In any post–conviction proceeding _____

_____

(g)  On appeal from any adverse ruling in a post–conviction proceeding _____

_____

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐          No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐          No ☐

(a)  If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b)  Give date and length of the above sentence: _____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐          No ☐

Wherefore, movant prays that the Court grant petitioner relief to which he or she may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_11/24/04_
(Date)

_miguel C. edeño_
Signature of Movant
Miguel Machuca

(7)