U.S. Department of Justice

*United States Attorney*
*District of Connecticut*

FILED AT HARTFORD
October 15, 2002
Kevin F. Rowe, Clerk
By S. L. Smith
Deputy Clerk

*Connecticut Financial Center*　　(203)821-3700
*157 Church Street*
*P.O. Box 1824*
*New Haven, Connecticut 06510*　　*Fax (203) 773-3756*

October 15, 2002

William Bloss, Esq.
350 Orange Street
P.O. Box 606
New Haven, CT 06503-0001

    Re:   **United States v. Miguel Machuca**
           **No. 3:000CR158 (AWT)**

Dear Mr. Bloss:

    This letter confirms the plea agreement entered into between your client, Miguel Machuca, also known as Miguel Guerrero Cedeño, (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

The Plea and Offense

    The defendant agrees to withdraw his previously entered pleas of not guilty and to plead guilty to Count One of the Indictment charging him with possessing with intent to distribute 50 grams or more of cocaine base, in violation of Title 21, U.S.C. § 841. However, the defendant agrees to enter his plea while reserving his right to appeal the District Court's ruling denying his motion to suppress controlled substances and other evidence seized on or about June 28, 2000 from an automobile that he was driving and of which he was the sole occupant. Should the defendant prevail on appeal with respect to the suppression issue, the Government will not object to the defendant's motion to withdraw his plea when the matter is remanded.
    The defendant understands that to be found guilty of the charged offense the following essential elements of the offense must be established:

GOVERNMENT EXHIBIT 1

Count One

    1. That the defendant knowingly possessed a controlled substance; and

    2. That, at the time of the possession, the defendant intended to distribute the controlled substance.

    3. In addition to these essential elements, the Government must also establish that the offense conduct involved 50 grams or more of cocaine base/crack in order for the statutory sentencing range on each count to be ten years to life in prison, a fine of up to $4,000,000 and five years to life supervised release.

The Penalties

These offense charged in Count One carries a maximum penalty of life imprisonment and a $4 million fine, and a mandatory minimum penalty of ten years in prison. Moreover, any sentence of incarceration imposed must also include a term of supervised release of at least five years and as much as life. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to three years with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense which is $4 million.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

Sentencing Guidelines

1. Applicability

The defendant understands that the Sentencing Reform Act of 1984 and the Sentencing Guidelines apply in this case. The defendant understands that the Court is required to consider any applicable Sentencing Guidelines but may depart from those Guidelines under some circumstances. The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty pleas if his sentence or the Guideline application is other than as he anticipated.

2. Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by three levels the defendant's Adjusted Offense Level under section §3E1.1 of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation. As of the date hereof, the Government reserves its determination as to whether it will make a recommendation for an adjustment under Section 3E1.1 of the Sentencing Guidelines to reflect acceptance of responsibility for

the offense conduct on the part of the defendant.

### 3. Guideline Stipulation

The Government and the defendant stipulate the defendant's applicable Sentencing Guidelines to be at a range of 168 to 210 months' imprisonment and a fine range of $20,000 to $200,000. The base offense level under U.S.S.G. § 2D1.1(c)(1) is 38. There is no adjustment under U.S.S.G. § 3B1.1(a) for role in the offense. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 35. A total offense level 35 with a criminal history category I, which the parties calculate the defendant to be, results in a range of 168 to 210 months' imprisonment (sentencing table) and a fine range of $20,000 to $200,000 (U.S.S.G. § 5E1.2(c)(3)). Neither the defendant nor the Government will seek a departure from the indicated Guideline ranges, although the defendant may attempt to qualify for relief under 18 U.S.C. § 3553(f) and U.S.S.G. §§ 5C1.2 and 2D1.1(b)(6).

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

### 4. Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence. 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255, the sentence of imprisonment imposed by the Court if that sentence does not exceed 210 months, even if the Court reaches a sentencing range permitting such a sentence by a Guideline analysis different from that specified above. The defendant expressly acknowledges that

he is waiving his appellate rights knowingly and intelligently.

Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

Waiver of Rights

    1. Waiver of Right to Challenge Absence of Jury Findings re Facts Used to Increase Sentence

The defendant understands that he may be able to argue under Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), that he had the right to have a grand jury and a trial jury make certain findings of facts that could, in turn, determine whether the Court could apply any mandatory minimum sentence prescribed by statute or any sentence within a range permitted by a higher statutory maximum sentence resulting from a finding of such facts. The defendant knowingly and voluntarily waives his right to have or have had such facts submitted for findings by a grand jury or trial jury.

    2. Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on

the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Acknowledgement of Guilt; Voluntariness of Plea

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

Scope of Agreement

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

Collateral Consequences

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty, that he may thereby be deprived of certain federal benefits as provided in 21 U.S.C. § 862, and that he will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant also understands that he may be subjected to deportation following the completion of any sentence imposed by the Court. The defendant understands that the Government reserves

6

the right to notify any state or federal agency by whom he is licensed, or with whom he does business, of the fact of his conviction.

Satisfaction of Federal Criminal Liability; Breach

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the narcotics violation which forms the basis of the indictment in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

No Other Promises

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN A. DANAHER III
UNITED STATES ATTORNEY

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter, or has had it translated to him, that he has had ample time to discuss this agreement with counsel and that he fully understands and accepts its terms.

Miguel Machuca
Defendant

10/15/02
Date

7

I have thoroughly read, reviewed and explained this plea agreement to my client who advises me that he understands and accepts its terms.

_____    10/15/02
William Bloss, Esq.    Date
Attorney for the Defendant