ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.           Case No. 3:00-CR-158(AWT)
             3:04-CV-2031(AWT)

MIGUEL GUERRERO-CEDENO,
_____/

FILED
2005 JAN 18  P 4:55
U.S. DISTRICT COURT
NEW HAVEN CT

### REPLY TO GOVERNMENT'S RESPONSE DATED JANUARY 4TH 2005

COMES NOW the Movant Miguel Cedeno, in Proper Person, who respectfully files this Reply to the Response of the Government dated January 4, 2005, and in support states as follows:

**I. INCORPORATED Request to take Judicial Notice**

Movant personally wrote his Attorney- William Bloss for his transcripts and paperwork two-times and Counsel never provided this documentation. Counsel did not even respond. Movant has just now received copies of the requested Transcripts, Plea Agreement, PSR, etc., from the U.S. Attorney's Office appended to it's Response. Movant request Leave of the Court to Amend the §2255 in light of this information.

**II. Argument:**

Movant advances essentially two arguments for relief in reply to the Government's Response and the newly received documentary evidence.

-1-

**a.) <u>Drug Quantity</u>:**

Although Movant allegedly stipulated to 1.5 kilograms of crack cocaine, this drug amount was not charged by indictment. The Indictment charged <u>50</u> grams of crack cocaine. This would have caused the Base Offense Level under the Guidelines to be level <u>32</u>, not <u>38</u> as charged. In **United States v. Thomas, 274 F.3d 655 (2nd Cir. 2001)**, it was held that drug quantity was an element of the offense under 21 U.S.C. §841(b)(1), which must be charged in the indictment. Here the Indictment charged <u>50</u> grams of crack cocaine, not 1.5 kilograms. Thus, Constructive Amendment of the Indictment occurred where Movant was sentenced to the greater 1.5 kilograms under **Blakely v. Washington, 542 U.S. ___ (2004); Thomas, supra.**, And See **Sullivan v. Louisiana, 508 U.S. 275 (1992)** (Court cannot supplant it's determination as to what the jury would find).

Also, a Defendant in the guilty plea context, even if admitting elements/sentencing factors not charged in the indictment, cannot be found by the District Court to have commited those acts and be punished for them. **Blakely v. Washington, supra.** (This would mean a man charged with manslaughter could be found guilty of First Degree Murder). This would also amount to Plain Constructive Amendment of the Indictment. Thus, pursuant to **Blakely,** Counsel was ineffective in allowing his client to be sentenced under a Civil Case Standard of Proof by a Judge for facts not charged in the indictment that increased punishment. Also <u>See</u>

**United States v. Kissick**, 69 F.3d 1055 (10th Cir. 1995). (Ineffective Assistance of Counsel as it relates to Counsel allowing his client to receive a guidelines enhancement). Movant's Base Offense Level must be reduced to level 32, See **Thomas**, supra.

### b.) Safety Valve Eligibility:

The Plea Agreement at page 4, para. 3. "Guidelines Stipulation", states that the "Defendant may attempt to qualify for relief under 18 U.S.C. §3553(f) and U.S.S.G. §§5C1.2 and 2D1.1(b)(6)".

Certainly, the Movant met the five-criteria to receive the Safety Valve Departure. However, his lawyer suggested to this Court that he did not, this apparently in an attempt to preserve the Appellate Issue on the Motion to Suppress. Movant should receive the Safety Valve Departure. See paragraph 13 of the PSR in support.

### Relief Requested

In light of **Blakely, Thomas** and **Kissick** supra., the Movant's Base Offense Level should be reduced to 32 minus 3 levels for Acceptance of Responsibility under U.S.S.G. §3E1.1. and 2 additional levels for Safety Valve pursuant to U.S.S.G. §5C1.2, for a final offense level 27, (70 to 87 months) and any other relief this Honorable Court deems Just and appropriate, on light of **United States v. Booker** and **United States v. FanFan**.

Respectfully Submitted,

*Miguel Cedeno*
Miguel Cedeno, Pro Se
#13924-014
FCI-ELKTON
P.O. BOX 10
Lisbon, Ohio 44432

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that one true and correct copy of this Reply was sent via First Class Mail to the U.S. Attorney, District of Connecticut, P.O. BOX 1824, New Haven, Connecticut, 06508, on this 10TH day of January, 2005.

Miguel Cedeno
A/K/A Miguel Machuca
Reg.No. 13924-014