UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | 3:00-CR-158 (AWT) |
| v. | : | 3:04-CV-2031 (AWT) |
| | : | |
| MIGUEL GUERRERO-CEDEÑO, | : | March 22, 2007 |

### GOVERNMENT'S MOTION FOR LEAVE TO FILE OUT OF TIME AND RESPONSE TO ORDER RE: AMENDMENT TO PETITION

On November 20, 2006, the Court issued an Order to Show Cause directing the Government to file a response to an amendment to a motion under 18 U.S.C. § 2255 filed by the defendant, Miguel Guerrero-Cedeño, also known as "Miguel Machuca." The Government has previously responded to the defendant's earlier claims on January 5, 2005 and on December 15, 2005. Government counsel did not receive a hard copy of the defendant's latest filing, and apparently overlooked the entry of the Court's order, matters for which the undersigned apologizes. The defendant now has added claims that a quantity of cocaine base above and beyond the minimum charged in the indictment was impermissibly attributed to him, and that he should have been afforded relief under the so-called "safety valve." The Government respectfully moves the Court to enlarge the time within which it may respond to the Court's order, and to entertain the following response.

The defendant's new claims are without merit.

The first claim seems to be based upon an application of *United States v. Booker*, 543 U.S. 220 (2005) and, implicitly, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the instant case. However, the Court of Appeals has addressed the retroactivity of both cases on collateral review, and has concluded that neither case is retroactive. *See Guzman v. United States*, 404

F.3d 139, 142 (2d Cir. 2005)(*Booker* not retroactive); *Coleman v. United States*, 329 F.3d 77, 89 (2d Cir. 2003)(*Apprendi* not retroactive). As the record before the Court at the time of sentencing clearly supported its findings in regard to the quantity attribution, which was stipulated to by the defendant, the finding was proper.

With respect to the "safety valve" claim, the defendant has never "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan," see 18 U.S.C. § 3553(f)(5), and has therefore not qualified for the relief he now seeks.

Accordingly, for all of the reasons set forth above and in the Government's original and second response, the Court should deny the defendant's claim for relief.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

/s/ Gordon Hall

H. GORDON HALL
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT05153
157 Church Street, 23rd Floor
New Haven, CT 06510
Tel.: (203) 821-3700
Fax: (203) 773-5377
gordon.hall@usdoj.gov

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March 2007, a copy of the foregoing was sent by first-class mail to:

> MIGUEL GUERRERO-CEDEÑO, aka Miguel Machuca
> Inmate # 13924-014
> FCI ELKTON
> P.O. BOX 10
> LISBON, OH 44432

H. Gordon Hall
Assistant U.S. Attorney