UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,        )
        Respondent,              )
                                 )
                                 )
v.                               )   Case No. 3:00-CR-158(AWT)
                                 )
MIGUEL GUERRERO-CEDENO,          )
        Petitioner.              )

## MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT to 18 U.S.C. §3582(c)(2)

**COMES NOW**, the Defendant Miguel Guerrero-Cedeno, ("Cedeno"), pro se, and pursuant to 18 U.S.C. §3582(c)(2), moves this Honorable Court for reduction of his prison term. In support of his motion Cedeno states the following reasons:

### BACKGROUND

The Defendant pled guilty to count one of an Indictment after a plea of not guilty. Count One involves the following offense: violation of Title 21 U.S.C. Section 841 (Possession with Intent to Distribute Cocaine Base). **See Exhibit A.**

Subsequently, using the United States Sentencing Commission Guidelines, on March 5, 2003, the district court sentenced Cedeno. All offenses in violation of 21 U.S.C. §846 and 21 U.S.C. §841 are governed by §2D1.1. Thus, since the amount involve in the instant case is **1.5** kilograms of cocaine base, Cedeno's base offense level was level **38**. This base offense level was downward adjusted three-level pursuant to 3E1.1(a) and (b), for acceptance of responsibility.

1

As a result, Cedeno's total offense level was 35, the Criminal History Category is I, and the Guidelines sentencing range was 168 to 210 months. With this calculation the Court sentenced Cedeno to the lower range, to 168 months of imprisonment, five years supervised release, and $100.00 special assessment. **See Exhibit B.**

## AMENDMENT 9
(U.S.S.G. App. C, Supp. Amend. 706)

As of November 1, 2007, the United States Sentencing Commission amended the Sentencing Guidelines, specifically **Amendment 9**, and explicitly voted to make the **Amendment** retroactive. §1B1.10 U.S.S.G. The Commission amended the Drug Quantity Table in §2D1.1 so that crack quantities triggering the five and ten year mandatory minimums are assigned base offense levels two levels lower than before. The base offense levels for these quantities now correspond to guideline ranges that include (rather than exceed) the mandatory minimum. The Commission similarly adjusted the drug threshold quantities above, between, and below the mandatory minimun thresholds, with the net result being that for crack offenses, base offense levels across the board are two levels lower than they would have been before the amendment. **See 72 Fed. Re. 28, 558, 28, 571-73; U.S.S.G. App. C, Supp. Amend. 706; U.S.S.G. §2D1.1 (2007).**

For example, under the old guideline, at least 5 grams but less than 20 grams of crack was assigned a base offense level of 26 and a minimum guideline range of 63 to 78 months, which exceed the mandatory minimum of five years by at least three months. Now, the same quantity of crack is assigned to base offense level 24, which corresponds to a minimum advisory guideline range (51 to 63 months) that includes the mandatory minimum. Likewise the base offense level assigned to at least 50 grams but less than 150 grams of crack has been adjusted downward to offense level 30, which corresponds to a minimum advisory guideline range of 97 to 121 months. The remaining quantities above, between, and below these quantities have been similarly adjusted downward.

3

Cedeno is entitled, as a matter of law, to the benefit of **Amendment 9** and, to have his sentence reduced to bring his sentence within the amended sentence structure.

The implication of this **Amendment 9** to Cedeno is that his base offense level, originally set at level **38**, pursuant to §2D1.1(c)(1) of the guidelines, is now reduced to guideline **36**, pursuant to §2D1.1(c)(2), requiring a reduction in the time of imprisonment imposed by the Court.

### RETROACTIVE APPLICATION OF AMENDMENT 9
### (U.S.S.G. App. C, Supp. Amend. 706)

When a retroactive amendment reduces the applicable sentencing guideline range Section 3582(c)(2) empowers a district court to modify a prisoner's sentence that would otherwise be final:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o) ... the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. §1B1.10 explains the Sentencing Commission's policy concerning the Court's exercise of its discretion under Section 3742(c)(2):

> In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. §3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced...

4

As per the **Amendment 9,** the new calculation of Cedeno's sentence is as follows: a base offense level of **36** under §2D1.1(c)(2), and a downward adjustment of three-level under U.S.S.G. §§3E1.1(a) and (b). With a criminal history category of I, Cedeno's new sentencing range is 135 to 168 months incarceration.

**WHEREFORE,** based on the foregoing, and in interests of justice, Cedeno respectfully urges this Honorable Court to amend his term of imprisonment to reflect the sentencing guidelines modification set forth in **Amendment 9. (U.S.S.G. App. C, Supp. Amend. 706).** Cedeno prays that this Court sentence him to a term of imprisonment of 135 months.

### CONCLUSION

**Therefore,** Cedeno prays that his petition for reduction of sentence be granted.

                                            Respectfully submitted,

                                            */s/ Miguel Guerrero Cedeno*
                                            MIGUEL GUERRERO-CEDENO
                                            Reg. No. 13924-014
                                            Federal Correctional Institution
                                            Elkton
                                            P.O. Box 10
                                            Lisbon, OH 44432

Dated:  December 17, 2007
Lisbon, Ohio

## CERTIFICATE OF SERVICE

I, hereby certify that a true and exact copy of the foregoing has, this 17 day of December, 2007, been served on H. Gordon Hall, Assistant United States Attorney for the District of Connecticut, whose address is 157 Church Street, 23rd Floor, New Haven, CT 06510, by placing a copy of same in the prisoner legal-mailbox, at F.C.I. Elkton, Lisbon, Ohio, for delivery to the United States Post Office with proper postage and addressing attached thereto.

*miguel guerrero cedeno*
MIGUEL GUERRERO-CEDENO
Reg. No. 13924-014
Federal Correctional Institution
Elkton
P.O. Box 10
Lisbon, OH 44432

Dated: December 17, 2007
Lisbon, Ohio

EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

## JUDGMENT IN A CRIMINAL CASE

UNITED STATES OF AMERICA

v.

CASE NO. 3:00CR00158(AWT)

MIGUEL GUERRERA CEDENO

H. Gordon Hall, Assistant U.S. Attorney

William Bloss, Defendant's Attorney

SSN: Unknown          DOB: 11/13/61

The defendant pled guilty to count one of an Indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of count one, which involves the following offense:

Title & Section: 21 USC 841                                Count: One
Nature of Offense: Possession with Intent to Distribute Cocaine Base
Date Offense Concluded: June 28, 2000

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: 168 months on count one. The defendant shall receive credit for time served. Upon release from custody, the defendant shall be on supervised release for a term of five years. A special condition of supervised release shall be that if the defendant is deported, he shall not re-enter the United States without the prior written approval of the Attorney General of the United States and notification to the United States Attorney's Office and the United States Probation Office for the District of Connecticut.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until the special assessment imposed by this judgment is fully paid.

In addition to the special condition of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

It is ordered that the defendant shall pay a special assessment of $100 for count one, which shall be due immediately.

March 5, 2003
Date of Imposition of Sentence


Alvin W. Thompson, United States District Judge
Date: March 7, 2003


CERTIFIED AS A TRUE COPY
ON THIS DATE 3/7/03

Kevin F. Rowe, Clerk

BY: _____
Deputy Clerk

**EXHIBIT B**

Case 3:00-cr-00158-AWT    Document 94    Filed 12/20/2007    Page 9 of 10

```
ELKDB   540*23  *           SENTENCE MONITORING        *    07-09-2003
PAGE 001         *           COMPUTATION DATA           *    14:10:45
                             AS OF 07-09-2003

REGNO..: 13924-014  NAME: CEDENO, MIGUEL GUERRERA


FBI NO...........:                    DATE OF BIRTH: 11-13-1961
ARS1.............: ELK/A-DES
UNIT.............: UNIT C              QUARTERS.....: C03-339L
DETAINERS........: NO                  NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  09-09-2012 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: CONNECTICUT
DOCKET NUMBER...................: 3:00CR00158(AWT)
JUDGE...........................: THOMPSON
DATE SENTENCED/PROBATION IMPOSED: 03-05-2003
DATE COMMITTED..................: 06-19-2003
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS   MISDMNR ASSESS    FINES          COSTS
NON-COMMITTED.:  $100.00         $00.00            $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO   SERVICES:  NO      AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....:   381
OFF/CHG: 21:841 POSSESSION WITH INTENT TO DISTRIBUTE COCAINE BASE
         (CT 1)

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    168 MONTHS
 TERM OF SUPERVISION............:      5 YEARS
 DATE OF OFFENSE................: 06-28-2000




G0002        MORE PAGES TO FOLLOW . . .
```