**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------------x
                                     :
MIGUEL GUERRERO-CEDEÑO               :
a/k/a MIGUEL MACHUCO,                :
     Movant,                         :
                                     : Civil No. 3:04cv02031(AWT)
v.                                   : Crim. No. 3:00cr00158(AWT)
                                     :
UNITED STATES OF AMERICA,            :
     Respondent.                     :
                                     :
-------------------------------------x
```

### ORDER RE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

The movant, defendant Miguel Guerrero-Cedeño, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the defendant's motion is being denied.

The defendant raises three arguments in his motion, as amended. First, Guerrero-Cedeño argues that he is entitled to relief because, at the time of sentencing, the court improperly increased his guideline range by four levels pursuant to U.S.S.G. § 3B1.1 based on his role as an organizer or leader. However, there is no factual basis for this claim by the defendant. In the plea agreement, the parties entered into the following "Guideline Stipulation": Base Offense Level of 38, three level reduction for acceptance of responsibility, no adjustment under U.S.S.G. § 3B1.1(a) for role in the offense, resulting in a Total Offense Level of 35, which combined with a Criminal History

-1-

Category I resulted in a range of 168-210 months.  In paragraph 24 of the Presentence Report, in discussing the impact of the plea agreement, the Presentence Report suggested that a four level increase for role in the offense would be appropriate.  However, at sentencing, the court concluded that there should be no adjustment for role in the offense.  <u>See</u> Transcript, March 5, 2003 (Doc. No. 86), at 7.  Consequently, the Sentencing Guidelines range considered by the court in imposing sentence was computed in precisely the manner stipulated to by the parties in the plea agreement, and resulted in a total offense level of 35 which, with Criminal History Category I, which corresponded to a range of 168-210 months of imprisonment.  <u>See</u> <u>id.</u> at 9.  The court the imposed a sentence of imprisonment of 168 months, with credit for time served.

    The defendant's second argument is that a quantity of cocaine base greater than the minimum charged in the indictment was impermissibly attributed to him.  The defendant was indicted on a charge of possession with intent to distribute 50 grams or more of cocaine base, which was crack cocaine, in violation of 21 U.S.C. § 841.  While it is true that the quantity of cocaine base attributed to the defendant, i.e. 1.5 kilograms or more, was above the minimum charged in the indictment, there is no factual basis for the defendant's contention that that quantity was <u>impermissibly</u> attributed to him.  The defendant stipulated in his

plea agreement that the Base Offense Level was 38 pursuant to U.S.S.G. § 2D1.1(c)(1), which corresponds to 1.5 kilograms or more of cocaine base.  Thus, the attribution to the defendant of this quantity of cocaine base was proper.

Third, the defendant argues that he should have been afforded relief under the "safety valve."  See 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.  The defendant relies on paragraph 13 of the Presentence Report in support of his argument.  That paragraph of the Presentence Report recites that during the presentence interview the defendant fully accepted responsibility for his participation in the drug trafficking activity with which he had been charged.  That paragraph also recommended that the defendant receive a three level reduction under U.S.S.G. § 3E1.1(b) for acceptance of responsibility, and this reduction was made.  However, the defendant confuses the adjustment for acceptance of responsibility with the fifth criterion under 18 U.S.C. § 3553(f).  While the defendant fully accepted responsibility for his participation in the charged offense when he was interviewed by the probation officer, the defendant never "truthfully provided to the Government all information and evidence [he] ha[d] had concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5).  Thus, he never satisfied all the requirements for being eligible for the "safety valve."

Finally, the court notes that the defendant agreed, in his plea agreement, that he would not appeal or collaterally attack his sentence if the sentence of imprisonment did not exceed 210 months, and the sentence of imprisonment imposed was 168 months. None of the grounds raised by the defendant in his § 2255 motion are non-waivable grounds for attacking the sentence imposed. The court reviewed this waiver provision with the defendant at the time of his plea. The court also reminded the defendant of this waiver provision on the day of sentencing, and the defendant confirmed that he understood that he had waived his right to appeal or collaterally attack his sentence except with respect to the court's ruling denying his motion to suppress evidence. See Transcript, March 5, 2003, at 30-31. "It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998). The reasons for enforcing waivers of direct appeals are equally applicable to waivers of the right to collaterally attack a sentence under § 2255. See Garcia-Santos v. United States, 273 F.3d at 506, 509 (2d Cir. 2001). Therefore, the defendant's § 2255 motion should also be denied for this reason.

Accordingly, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Docs. No. 82 and 87) is hereby DENIED. Because Guerrero-Cedeño

has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  <u>See</u> 28 U.S.C. § 2253(c)(2) (2006).

The Clerk shall close this case.

It is so ordered.

Signed this 15th day of February, 2008 at Hartford, Connecticut.

>           _____/s/AWT_____
>                Alvin W. Thompson
>             United States District Judge