UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 3:00CR158(AWT) |
| | : | |
| MIGUEL GUERRERO-CEDEÑO | : | March 4, 2008 |

**GOVERNMENT'S NOTICE REGARDING MOTION TO REDUCE
SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

On March 7, 2003, the defendant, Miguel Guerrero-Cedeño, was sentenced to 168 months

of incarceration.  The defendant is due to be released from incarceration on September 9, 2012.  By

motion dated December 17, 2007, the defendant seeks relief based upon the changes to the crack

cocaine guidelines which were passed by the Sentencing Commission on November 1, 2007, and

he does appear to qualify for a reduction.  For the reasons stated herein, the Government respectfully

submits that, the Court should issue an amended judgment and impose a reduced sentence of 135

months, which accounts for the two-level reduction in the crack cocaine guidelines.

**I.    BACKGROUND**

In June, 2000, the New Haven Task Force initiated a reactive investigation into the

distribution of crack cocaine in the New Haven area by an individual known as Miguel Machuca.

The investigation led to the arrest of the defendant, whose true name is Miguel Guerrero-Cedeño,

on June 22.  Execution of search warrants in the wake of the defendant's arrest resulted in the seizure

of several hundred grams of crack and more than six kilograms of cocaine.

On July 7, 2000, a federal grand jury sitting in New Haven returned a one-count indictment

charging the defendant with conspiracy to distribute 50 grams or more of crack.

The defendant entered a plea of guilty to Count One of the indictment on October 15, 2002

and, in doing so, entered into a written plea agreement. The plea agreement contained a stipulation of the parties to the effect that a reasonable attribution of crack to the defendant was 500 grams to 1.5 kilograms.

The Pre-Sentence Report ("PSR") calculated the defendant's base offense level as 38, with a three-level reduction for acceptance of responsibility. At Criminal History Category I, this resulted in a Guideline range of 168-210 months.

On March 7, 2003, this Court imposed a term of incarceration of 168 months. In doing so, the Court adopted the Guideline calculation of the PSR.

## II.    DISCUSSION

On November 1, 2007, the Sentencing Commission amended the cocaine base guidelines provided for under U.S.S.G. § 2D1.1(c). The amendment in question is Amendment 706, effective November 1, 2007, which reduced the base offense level for most crack cocaine offenses.[1]  In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses. See U.S.S.G., Supplement to App. C, Amend. 706. Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty

---

[1] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

In this case, the two-level reduction results in an adjusted offense level of 35 Criminal History Category I, and a guideline incarceration range of 135-168 months. At sentencing, the Court imposed a term of incarceration of 168, a Guideline sentence at the bottom of the applicable range. It would appear that, applying the November 1, 2007 amendment, the new guideline range is 135-168 months.

In authorizing a reduced sentence based on a retroactive amendment to a guideline, the Sentencing Commission stated: "If the original term of imprisonment was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) may

be appropriate. . . ." U.S.S.G. § 1B1.10(b)(2)(B) app. note 3.  The application note provides an

instructive example:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 70 to 87 months; (2) the defendant's original term of imprisonment imposed was 56 months (representing a downward departure of 20 percent below the minimum term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing); and (3) the amended guideline range determined under subsection (b)(1) is 57 to 71 months, a reduction to a term of imprisonment of 46 months (representing a reduction of approximately 20 percent below the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)) would amount to a comparable reduction and may be appropriate.

§ 1B1.10 app. note 3.

Here, the bottom of the original guideline range was 168 months, and the Court imposed a

sentence of 168 months.  Thus, the reduction authorized by the Sentencing Commission is the

bottom of the range two levels down, a term of 135 months.

On December 11, 2007, the Commission added Amendment 706 to the list of amendments

stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008.

Accordingly, this Court is without authority to reduce a sentence prior to that date.  Congress has

delegated to the Sentencing Commission the sole authority to permit the retroactive application of

a guideline reduction, and no court may alter an otherwise final sentence on the basis of such a

retroactive guideline unless the Sentencing Commission expressly permits it. See, e.g., United States

v. Perez, 129 F.3d 255, 259 (2d Cir. 1997); United States v. Thompson, 70 F.3d 279, 281 (3d Cir.

1995); United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Drath, 89 F.3d

216, 218 (5th Cir. 1996); United States v. Dullen, 15 F.3d 68, 70-71 (6th Cir. 1994); Ebbole v.

United States, 8 F.3d 530, 539 (7th Cir. 1993); United States v. Wyatt, 115 F.3d 606, 608-09 (8th

Cir. 1997); United States v. Cueto, 9 F.3d 1438, 1441 (9th Cir. 1993); United States v. Avila, 997

F.2d 767, 768 (10th Cir. 1993); <u>United States v. Armstrong</u>, 347 F.3d 905, 909 (11th Cir. 2003); <u>see</u>

<u>also</u> <u>Pierre Louie v. United States</u>, 2008 WL 114468 at *7 (D. Me.  Jan. 1, 2008) (amendment 706

becomes retroactive on March 3, 2008 "meaning, that as of that date, impacted defendants serving

eligible sentences may be able to move for a sentence reduction pursuant to 18 U.S.C. § 3582(c)").

Indeed, the United States District Court for the Southern District of Illinois has stayed all Section

3582(c) motions based on Amendment 706 until March 3, 2008.  <u>See</u> <u>United States v. Wommack</u>,

2008 WL 78782 at *1 (S.D. Ill. Jan. 7, 2008).[2]

> Section 3582(c)(2) provides:
>
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

<u>Id.</u>  The Court may act on this motion without the defendant's presence.  U.S.S.G. § 1B1.10(a)(3)

clearly states that "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not

constitute a full resentencing of the defendant."  In addition, Fed. R. Crim. P. 43(b)(4) explicitly

provides that a defendant "need not be present" when the proceeding involves a reduction of

sentence under 18 U.S.C. § 3582(c).  Likewise, given the rules and considering the burdens imposed

on producing prisoners incarcerated within the Bureau of Prisons, the federal courts of appeal to

---

[2]The Sentencing Commission imposed the delay in light of the enormous burdens that retroactive application of the crack cocaine amendments, in tens of thousands of cases, will impose on the courts, prison officials, probation officers, prosecutors, and others. The delayed implementation of retroactivity permits all officials to assure the orderly handling of these many cases and prisoners.  Delayed implementation also allows for Congressional review of the Commission's decision and Congress may choose to reject or alter the Commission's decision.

address this issue have uniformly held that a defendant has no constitutional or statutory right to be

present in connection with a motion filed under Section 3582(c).  See, e.g., Anderson v. United

States, 241 Fed. Appx. 625, 629 (11th Cir. July 18, 2007) (unpublished) ("Under Federal Rule of

Criminal Procedure 43(b)(4), a defendant's presence at a § 3582(c) sentence correction proceeding

is not required") (emphasis in original); United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000)

(same; hearing not required); United States v. Tidwell, 178 F.3d 946, 948-949 (7th Cir. 1999) (same,

noting that "a proceeding under 18 U.S.C. § 3582(c) is not a do-over of an original sentencing

proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution").

Although the defendant may qualify for a reduction in sentence under Section 3582(c)(2) and

the applicable policy statements of the Commission, a reduction of sentence is not automatic.  This

Court's discretion is set forth in Section 3582(c)(2) itself, which provides: "the court may reduce the

term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they

are applicable, if such a reduction is consistent with applicable policy statements issued by the

Sentencing Commission."  Thus, "[t]he grant of authority to the district court to reduce a term of

imprisonment is unambiguously discretionary," even when the guideline range is actually reduced.

United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998);[3] see also United States v. Colon, 961

F.2d 41, 46 (2d Cir. 1992)(stating that district court, in the first instance, had to determine to what

extent, if any, it has authority to apply retroactive amendment and whether it wishes to exercise its

---

[3] In Vautier, the Eleventh Circuit held that the district court did not abuse its discretion in
denying a Section 3582(c)(2) motion for reduction of sentence, upon considering the 3553(a)
factors.  The district court denied the motion, stating that "in light of this Court's expressed
concern of the defendant's demonstrated violence and factoring all of the other considerations
that went into the establishment of this defendant's sentence, the same sentence would have been
imposed under the current amended guidelines."  Vautier, 144 F.3d at 759.

discretion to do so).

Similarly, section 1B1.10 directs that "the court shall consider the factors set forth in 18 U.S.C. § 3553(a) in determining . . . whether a reduction in the defendant's term of imprisonment is warranted." Id. app. note 1(B)(I); see also U.S.S.G. § 1B1.10 background ("The authorization of such a discretionary reduction does not otherwise affect the lawfulness of a previously imposed sentence, does not authorize a reduction in any other component of the sentence, and does not entitle a defendant to a reduced term of imprisonment as a matter of right."). All courts are in accord on this point. See United States v. Whitebird, 55 F.3d 1007, 1010 (5th Cir. 1995) (district court permissibly declined to reduce sentence); United States v. Ursery, 109 F.3d 1129, 1137 (6th Cir. 1997); United States v. Coohey, 11 F.3d 97, 101 (8th Cir. 1993); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir. 1992); United States v. Mueller, 27 F.3d 494, 497 n.5 (10th Cir. 1994).

"Thus, reading § 3582(c)(2) and the Sentencing Guidelines together, the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2)." Vautier, 144 F.3d at 760. First, Section 1B1.10(b) directs:

> In determining whether, and to what extent, a reduction in the term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced . . . .

Id. In other words, "the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact." Vautier, 144 F.3d at 760.

Then, in the second step, "in light of the conclusion reached in the first step, the court must

consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's

original sentence." Id.[4]  Subject to the limits set forth in Section 1B1.10(b), the Court may consider

all pertinent information in applying the Section 3553(a) factors and determining whether and by how

much to reduce the defendant's sentence.   In particular, the Court must consider public safety

considerations, and may consider information regarding the post-sentencing conduct or situation of

the defendant, whether positive or negative.  Revised application note 1(B)(ii) directs that "[t]he court

shall consider the nature and seriousness of the danger to any person or the community that may be

posed by a reduction in the defendant's term of imprisonment."  Revised application note 1(B)(iii)

further directs that "[t]he court may consider post-sentencing conduct of the defendant that occurred

after the imposition of the original term of imprisonment."  The application note explains that these

factors are relevant in determining whether and by how much to reduce a sentence, but only within

the limits set forth in Section 1B1.10(b).

If this Court decides to reduce a defendant's sentence, the extent of the reduction is strictly

limited.  Congress delegated to the Sentencing Commission the authority to determine to what extent

a sentence may be reduced.  See 18 U.S.C. § 3582(c)(2); 28 U.S.C. § 994(u).  The Commission, in

turn, directed in Section 1B1.10(b) that, with one exception (where the defendant earlier received a

---

[4] The Eighth Circuit has also endorsed and explained at length this two-step procedure. United States v. Hasan,  245 F.3d 682, 684-85 (8th Cir. 2001) (en banc), citing United States v. Wyatt, 115 F.3d 606 (8th Cir. 1997).  In United States v. Legree, 205 F.3d 724, 728 (4th Cir. 2000), however, the court stated that it disagreed with the need for or utility of the two-step method.  The essence of its ruling was that the district court's proper consideration of the factors relevant to a Section 3582(c)(2) reduction of sentence, including consideration of the Section 3553(a) factors, may be presumed from the record.  The court did not criticize the underlying proposition that a trial court in fact should consider the guideline range as affected only by the guideline amendment, and should then apply the Section 3553(a) factors in determining whether to reduce the sentence.  See id.

below-guideline sentence), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A). An application note adds: "Under subsection (b)(2), the amended guideline range determined under subsection (b)(1) and the term of imprisonment already served by the defendant limit the extent to which the court may reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement. Specifically, if the original term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court shall not reduce the defendant's term of imprisonment to a term that is less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." U.S.S.G. § 1B1.10 app. note 3.[5] Thus, the Court may not reduce the sentence below the range provided by the amended guideline, and "in no case . . . shall the term of imprisonment be reduced below time served." U.S.S.G. § 1B1.10 app. note 3.

---

[5] Application note 3 provides an example of this rule:

> For example, in a case in which: (1) the guideline range applicable to the defendant at the time of sentencing was 41 to 51 months; (2) the original term of imprisonment imposed was 41 months; and (3) the amended guideline range determined under subsection (b)(1) is 30 to 37 months, the court shall not reduce the defendant's term of imprisonment to a term less than 30 months.

Case 3:00-cr-00158-AWT    Document 96    Filed 03/07/2008    Page 10 of 11

**III.    CONCLUSION**

The Government submits that, pursuant to 18 U.S.C. § 3582(c), the Court should exercise its

discretion to lower the defendant's sentence from 168 months of incarceration to 135 months of

incarceration pursuant to the amendment.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct05153
157 Church Street
New Haven, Connecticut  06510
(203) 821-3700
Gordon.hall@usdoj.gov

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of March, 2008, I caused a copy of the foregoing Notice to be sent by first-class mail, postage prepaid, to the following:

William M. Bloss, Esq.
Koskoff, Koskoff and Bieder
350 Fairfield Avenue
Bridgeport, CT 06604; and

United States Probation Officer Bunita B. Keyes
United States Probation Office
450 Main Street
Hartford, CT 06103

H. GORDON HALL
ASSISTANT UNITED STATES ATTORNEY